# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

IN RE INTERDICTION OF                                      NO.   2023 CW 0100
SHIRLEY M. TURNER

                                                    **APRIL 17, 2023**

---

In Re:    Shirley M. Turner, applying for supervisory writs,
          21st Judicial District Court, Parish of Livingston,
          No. 173,396.

---

**BEFORE:    McCLENDON, HOLDRIDGE, AND GREENE, JJ.**

     **WRIT DENIED.** The petition in this case clearly states a
cause of action for Interdiction.  See La. Civ. Code art. 389
and La. Code Civ. P. art. 4541. The relator could have filed a
dilatory exception raising the objection of nonconformity of the
petition with the requirements of La. Code Civ. P. art. 4541.
Since that objection was not filed by the relator with or prior
to the filing of the peremptory exception, it is waived. La.
Code Civ. P. art. 928. However, evidence may be introduced at
the hearing on the interdiction as to whether less restrictive
means other than full interdiction are available or whether a
limited interdiction would be appropriate.

**GH**

**HG**

     **McClendon,  J.,**  dissents  and  would  grant  the  writ.
Plaintiff, Sherry Foster, failed to set forth with particularity
the less restrictive means for meeting Shirley Turner's needs
that were considered or implemented prior to the filing for
interdiction,  or  the  reason  less  restrictive  means  were  not
considered or implemented or the reason a less restrictive means
is insufficient to meet her needs in accordance with La. Code
Civ. P. art. 4541(A)(11). I would grant the exception of no
cause of action filed by Shirley Turner and remand to the
district  court  with  instruction  to  allow  plaintiff  an
opportunity to amend the petition to remove the grounds of the
objection. See La. Code Civ. P. art. 934.

COURT OF APPEAL, FIRST CIRCUIT

*a. Sn*

---
DEPUTY CLERK OF COURT
     FOR THE COURT